UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YVONNE GOODMAN,<br>            Plaintiff,<br><br>      v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS c/o Table of Contents<br>Counties and Towns<br>            Defendant. | )<br>)<br>)<br>)   C.A. No. 13-12646-RWZ<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

December 2, 2013

ZOBEL, D.J.

For the reasons stated below, the Court grants plaintiff's requests to proceed in forma pauperis and directs her to show cause, by filing an amended complaint, why this action should not be dismissed.

BACKGROUND

On October 16, 2013, Yvonne Goodman, a resident of Brockton, Massachusetts, filed an Application to Proceed Without Prepayment of Fees along with her pleadings which are bound inside two plastic report covers. See Docket.  A close inspection of the documents inside the report covers reveals that plaintiff seeks to file both a criminal and civil action against the Commonwealth.  See Docket No. 1.  Inside the folder identified as plaintiff's criminal action, plaintiff attached a completed form from the Office of the United States Attorney for the District of Massachusetts titled "Request for Inquiry."  See Docket No. 1-2.

The complaints are identical and the Court will highlight the several sections of the pleading.  The first page consists of the case caption. The second page is a list (i.e.

table of contents) of all cities and towns in Massachusetts, listed by county. Plaintiff includes a complete copy of this Court's Step-by-Step Guide to Filing a Civil Action.

She then provides several handwritten pages with allegations and statements that are not coherent. The criminal and civil complaints each allege that Goodman "seeks a tremendous over turn of adequate judgment of sense vs. ignorance & prejudice, bias and w/out base of ethic in a jelous (sic), self centered rage or for publicity ratings. Sums up compromise vs. ignorance." Compl. ¶ 8. She includes one-page "Motions for Notice of Appeal @ the State Court constituted the re-opening of the justices case involving myself & 90 other Defendants when collecting documentation for this case previously they informed me of 1 case in particular in the name of Mortibena 1 of the 90 defendans in Plymouth County (Brockton) alone as they re-opened that one case only @ the John Adam Supreme Judicial State Court." See Docket 1-1, p. 5. Goodman includes a Memorandum of Statement of Facts that seeks to have this Court "acknowledge the Bill of Rights order in which the Legislatures signed by agreement for civilization of human beings rights vs. no contest to civilization of reptiles or the living dead." See Docket 1-1, p. 35. Finally, plaintiff attaches several exhibits including a bank statement, an identification card and copies of a directory of state courts. Id. p. 38 - 49.

On October 30, 2013, plaintiff filed two Motions for "non" leave to proceed in forma pauperis. See Docket Nos. 3, 4. Plaintiff labels one motion as "civil," see Docket No. 4, and the other motion as "criminal." See Docket No. 5.

## DISCUSSION

I.    Plaintiff's Requests to Proceed In Forma Pauperis

2

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. See 28 U.S.C. § 1915(a)(1). Upon review of plaintiff's financial disclosures, the requests to proceed in forma pauperis are hereby ALLOWED.

## II.     Screening of the Complaints

Because plaintiff has sought to proceed without the prepayment of the filing fee, the complaints are subject to review to determine if they satisfy the requirements of Section 1915 of Title 28, the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting

3

Educadores, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

In conducting this screening, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III.     The Complaints are Subject to Dismissal

To the extent Goodman seeks to initiate a prosecution, or have the Court bring criminal charges, her complaint is fatally defective.  Such relief cannot be granted in this action because federal courts are not authorized to conduct or compel criminal investigations. Under our Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted. The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir.2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001).

Moreover, Goodman does not have standing to bring a criminal action in federal court because no statute authorizes her to do so.  Individual citizens have no private right of action to institute federal criminal prosecutions.  See Stone v. Warfield, 184

4

F.R.D. 553, 555 (D. Md. 1999).

Finally, the complaints are subject to dismissal because Goodman has not set forth a short and plain statement of her claim. As a threshold matter, her allegations are incoherent and fall far short of giving the defendant clear notice of who did what to whom, when, where. The complaint also does not contain any indication of the causes of action the plaintiff seeks to bring. In short, the pleadings are incomprehensible, and a defendant could not provide a meaningful response to the allegations.

IV. Filing of an Amended Complaint

If the plaintiff intends to pursue this action, she must file an amended complaint that cures the above-discussed pleading deficiencies. In addition to the pleading requirements of Fed. R. Civ. P. 8(a), the amended complaint shall comply with other provisions of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's requests to proceed in forma pauperis are ALLOWED.

2. The complaint is dismissed, the criminal part, with prejudice. However, within thirty-five (35) days from the date of this order, plaintiff may file an amended civil complaint that complies with the Federal Rules of Civil

Procedure.  Failure to do so will result in dismissal of the civil action with prejudice.

3. Summons shall not issue pending further order of the Court.

SO ORDERED.

 /s/ Rya W. Zobel
UNITED STATES DISTRICT JUDGE