UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YVONNE GOODMAN,<br>      Plaintiff,<br><br>      v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS c/o Table of Contents<br>Counties and Towns<br>      Defendant. | C.A. No. 13-12646-RWZ |

ORDER

July 8, 2014

ZOBEL, S.D.J.

Plaintiff initiated this action by filing an Application to Proceed Without Prepayment of Fees along with civil and criminal actions that were bound inside two plastic report covers. Plaintiff subsequently filed civil and criminal motions for "non" leave to proceed in forma pauperis.

By Order dated December 3, 2013, the Court allowed plaintiff's motions to proceed in forma pauperis advised her that the complaints are subject to dismissal. The Order advised plaintiff that (1) federal courts are not authorized to conduct or compel criminal investigations, (2) she does not have standing to bring a criminal action in federal court because no statute authorizes her to do so, and (3) the allegations are incoherent and fall far short of giving any indication of the causes of action the plaintiff seeks to bring. Finally, plaintiff was advised that if she intends to pursue this action, she must file an amended complaint that complies with the provisions of the Federal Rules of Civil Procedure.

The Order advised petitioner that failure to comply with the Order will subject the action to dismissal with prejudice.

The period for comply with the Court's show cause order expired several months ago without any response from the plaintiff. The Court recognizes that the docket indicates that the copy of the December 3, 2013 Memorandum and Order that was mailed to the plaintiff was returned as undeliverable. Since that time, plaintiff has not provided a new address and the plaintiff is not entitled to notice of docket activity if she does not provide the Clerk with her current address. See Local Rule 83.5.2(e).

Under a district court's inherent power to manage its own docket and prevent undue delay, the court has discretion to dismiss a case for a party's failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); see Torres–Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (upholding dismissal when plaintiff failed to show cause for noncompliance, even after two extensions); Cintron–Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (upholding dismissal when court warned plaintiff and granted additional time).

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice. The Clerk shall enter a separate order of dismissal.

    SO ORDERED.

    /s/ Rya W. Zobel
    UNITED STATES DISTRICT JUDGE